UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAIMEE RIDENOUR,                :
                                :
         Petitioner             :    No. 4:CV-10-1186
                                :
    vs.                         :    (Petition Filed 6/03/10)
                                :
PA ATTORNEY GENERAL             :    (Judge Muir)
                                :
         Respondent             :

**MEMORANDUM AND ORDER**

June 8, 2010

Petitioner, Jaimee Ridenour, an inmate currently confined in the State Correctional Institution, Cambridge Springs, Pennsylvania, filed this pro se petition pursuant to 28 U.S.C. § 2254. She challenges a conviction imposed by the Court of Common Pleas for Lehigh County, Pennsylvania. For the reasons outlined below, the petition will be transferred to the United States District Court for the Western District of Pennsylvania.

**Discussion**

"The federal habeas corpus statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]. 28 U.S.C. § 2242, see also § 2243. . . .'[T]hese provisions contemplate a proceeding against some person who has the **immediate** custody of the party detained, with the power to produce the body of such

party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Rumsfeld v. Padilla, 124 S.Ct. 2711, 2717-18 (2004)(emphasis in original)(citations omitted). In Padilla, the Court added that "[t]he plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district; the district of confinement." Id. at 2722. In the present case, Petitioner is confined in SCI-Cambridge Springs, which is located within the confines of the United States District Court for the Western District of Pennsylvania.

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a); See also, Braden v. 30th Judicial Circuit of Kentucky, 410 U.S. 484 (1973). Because habeas proceedings are generally considered civil in nature, see Hinton v. Braunskill, 481 U.S. 770, 776 (1987), the term "civil action" includes habeas petitions. Parrott v. Government of Virgin Islands, 230 F.3d 615, 620 (3d Cir. 2000). Title 28 U.S.C. § 2241(d) provides:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence

2

of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

This Court clearly lacks jurisdiction over the Superintendent of SCI-Cambridge Springs. Thus, under the standards announced in Padilla, it is apparent to this Court that the interests of justice would be best served by transferring this petition to the Western District of Pennsylvania, the district of Petitioner's present confinement. It is further noted that there is no indication that the transfer of this petition would result in any substantial delay. See Garcia v. Pugh, 948 F. Supp. 20, 23 (E.D. Pa. 1996). An appropriate Order accompanies this Memorandum Opinion.

Dated: June 8, 2010

MUIR
United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAIMEE RIDENOUR, :
:
      Petitioner : No. 4:CV-10-1186
:
vs. : (Petition Filed 6/03/10)
:
PA ATTORNEY GENERAL : (Judge Muir)
:
      Respondent :

## ORDER

June 8, 2010

For the reasons set forth in the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court is directed to **TRANSFER** this case to the United States District Court for the Western District of Pennsylvania.

2. The Clerk of Court shall **CLOSE** this case.

_____
MUIR
United States District Judge